# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| HDI-GERLING AMERICA<br>INSURANCE CO., et al., | |
| Plaintiffs, | No. 15-CV-4256-LTS<br>16-CV-4009-LTS |
| vs. | |
| CONTRACT WELDING<br>& MECHANICAL, | **ORDER** |
| Defendant. | |
| VINCIT COMPANY, LLC, | |
| Plaintiff, | |
| vs. | |
| MARK DRUIVENGA,<br>d/b/a/ CONTRACT WELDING<br>& MECHANICAL, | |
| Defendant. | |
| MARK DRUIVENGA,<br>d/b/a CONTRACT WELDING<br>& MECHANICAL, | |
| Third-Party Plaintiff, | |
| vs. | |
| HILLSHIRE BRANDS CO., | |
| Third-Party Defendant. | |

## I. INTRODUCTION

This case is before the Court on third-party defendant Hillshire Brands Co.'s ("Hillshire") Motion to Strike Third-Party Plaintiff's Expert Witness (Doc. 63),[1] and on third-party plaintiff Mark Druivenga d/b/a Contract Welding & Mechanical's ("Druivenga") Motion for Extension of Deadline to Provide Expert Witness Disclosures (Doc. 73).

Hillshire filed its motion to strike on August 4, 2017, Contract Welding timely filed a resistance on August 18, 2017, (Doc. 70), and Hillshire timely filed a reply on August 24, 2017 (Doc. 72). Contract Welding filed its motion for extension of time on August 24, 2017, and Hillshire timely filed a reply on August 29, 2017 (Doc. 79). This Court heard oral argument on both motions on September 25, 2017.

For the following reasons, Hillshire's Motion to Strike Third-Party Plaintiff's Expert Witness (Doc. 63) is **granted**, and Contract Welding's Motion for Extension of Deadline to Provide Expert Witness Disclosures is **denied** (Doc. 73). The factual bases for the two motions at issue are intertwined and will be treated as such.

## II. FACTUAL AND PROCEDURAL HISTORY

On March 22, 2014, a fire broke out at a Hillshire plant, damaging the facility and shutting down operations for an extended period of time. Druivenga had been performing welding work at the plant on the day of the fire, though Druivenga's role in causing the fire, if any, is contested. The instant litigation was filed as a result of the fire and Druivenga ultimately brought a third-party complaint against Hillshire asserting his own damages as a result of the fire. (Doc. 37).

Hillshire filed its motion to strike Lawrence Harden, CPA as Druivenga's expert witness on the issue of damages and, in support, argues that Druivenga has failed to

---

[1] On September 25, 2017, this Court entered an Order (Doc. 86) reinstating the motion docketed at Document 63, which had previously been dismissed due to a scrivener's error on counsel's part.

"serve[ ] any report or disclosure that provides Mr. Harden's opinions or the basis for those opinions." (Doc. 63, at 2). Further, Hillshire argues that if Mr. Harden is permitted to serve as an expert, Hillshire will be prejudiced, as trial is currently scheduled for November 13, 2017, Hillshire has not had the opportunity to depose Mr. Harden,[2] and the report that has been provided to Hillshire is grossly insufficient. The Court-imposed deadline for Druivenga's expert witness disclosures was March 31, 2017. (Doc. 15).

In response to Hillshire's motion to strike, Druivenga filed his motion for extension of time. In support thereof, Druivenga states that on June 6, 2017, Druivenga informed Hillshire via email that Druivenga intended to present Mr. Harden as his expert witness on Druivenga's damages. (Doc. 73, at 2). Druivenga did not provide Mr. Harden's expert witness report at the time of this notice and only provided the report days before the September 25, 2017, hearing, citing "delays occasioned first by Druivenga's difficulties in working with his own tax and accounting firm, and then by a very serious health scare that Druivenga experienced during the summer, requiring hospitalization." (*Id.*). It is apparent that certain information pertaining to Druivenga's finances would prove necessary in Mr. Harden's attempts to calculate Druivenga's damages. Druivenga does not present any other reason for the delay in disclosing the full breadth of the required expert witness information beyond those reasons recounted above.

### III. APPLICABLE LAW

Federal Rule of Civil Procedure 16 requires the Court to issue a scheduling order that includes certain deadlines, including the deadlines for completing discovery. The Rule 16 scheduling order may be modified only for good cause. FED. R. CIV. P. 16(b)(4); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).

---

[2] Although Hillshire has not yet had the opportunity to depose Mr. Harden, Druivenga made it clear, both in his motion for extension of time and during the September 25, 2017 hearing, that Druivenga "intends to make Harden readily available for deposition." (Doc. 73, at 2).

3

Federal Rule of Civil Procedure 26(a)(2)(B) provides that expert witnesses must provide a written report containing: 1) "a complete statement of all opinions the witness will express and the basis and reasons for them;" 2) "the facts or data considered by the witness in forming them;" 3) "any exhibits that will be used to summarize or support them;" 4) "the witness's qualifications, including a list of all publications authored in the previous 10 years;" 5) "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition;" and 6) "a statement of the compensation to be paid for the study and testimony in the case." "A party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). A late disclosure of an expert opinion can be "equivalent to failure to disclose." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) ("failure to disclose in a timely manner is equivalent to failure to disclose," citing *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995) ("In prior cases, [the Eighth Circuit Court of Appeals has] upheld rulings by district courts precluding experts from testifying when those experts were not timely disclosed pursuant to pretrial orders and local rules.")).

When a party fails to provide the information or the identity of an expert witness in compliance with Rule 26(a), the Court has wide discretion to fashion a remedy or sanction under Rule 37(c) that is appropriate under the circumstances. These sanctions can include the exclusion of testimony on undisclosed opinions at trial. *See* FED. R. CIV. P. 37(c)(1). These sanctions do not apply, however, if "the failure was substantially justified or is harmless." *Id. See, e.g.*, *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (the district court did not abuse its discretion in excluding expert witness testimony supplemented fewer than three weeks prior to trial because, in relevant part, the late disclosure was neither substantially justified nor harmless, and "a continuance would have postponed a much-delayed trial"); *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013) (finding no "clear and prejudicial abuse of discretion" in the

4

district court's decision to strike an expert's second report, which was disclosed after the close of both discovery and the summary judgment record, because that report "materially alter[ed], [rather than] merely clarif[ied]" the expert's original report and deposition testimony). Importantly, "the exclusion of evidence is a harsh penalty [for non-compliance with discovery disclosure deadlines] and should be used sparingly." *Wegener*, 527 F.3d at 692. *But see Sylla-Sawdon*, 47 F.3d at 285 (holding that a trial court has great discretion in determining whether to exclude expert testimony that is not disclosed in compliance with the Court's scheduling order).

## IV. DISCUSSION

### A. *Modification of Scheduling Order*

In order for the Court to modify its scheduling order pursuant to Druivenga's request, Druivenga must show good cause for the modification. Druivenga acknowledges that his disclosure of Mr. Harden as an expert and the subsequent required disclosures were untimely and that Mr. Harden should have been disclosed by the March 31, 2017, disclosure deadline. Druivenga goes on to explain, in very general terms, that Mr. Harden's report was not provided immediately after the June 6, 2017, email notice of Mr. Harden as an expert for a variety of reasons. The primary reasons asserted are that Druivenga was unable to obtain necessary financial records from his own tax and accounting firm and that Druivenga subsequently suffered an illness requiring hospitalization. However, Druivenga offers no explanation as to why his initial disclosure of Mr. Harden as an expert was more than two months late.

There seems to be no reason at all why Druivenga was unable to timely make the necessary disclosures. Indeed, the only explanations Druivenga offers leave more than a two month gap between the deadline for making such disclosures and the time when Druivenga purports to have experienced the inability to comply with the scheduling order. The Court cannot overlook such a lengthy delay when Druivenga does nothing more than admit it was a mistake not to timely make the disclosures.

Furthermore, the explanations offered by Druivenga leave much to be desired. They are nearly devoid of detail and only express in general terms that Druivenga suffered an illness and that he was unable to obtain documents for unknown reasons. It is further left a mystery whether these documents could have been obtained from some source other than Druivenga's tax and accounting firm. Druivenga does not assert that he was not in possession of these documents and, when given the opportunity to do so, Druivenga failed to explain why it was necessary to involve the tax and accounting firm.

Finally, even if these excuses are legitimate explanations that have simply been inadequately explained, the issue remains of why Druivenga did not, at the very least, disclose Mr. Harden's identity prior to the March 31, 2017, deadline and why these other intervening events that began no earlier than June 2017, should be retroactively applied to explain the nine-week deficiency in making the necessary disclosures. Regardless of how these explanations are considered, there is simply no way for the Court to find that good cause existed for the delay. Therefore, Druivenga's motion for extension of time is **denied**.

### B. *Exclusion of Expert*

Druivenga does not claim to have complied with Federal Rule of Civil Procedure 26; in fact, Druivenga comes close to admitting that there is no excuse for his noncompliance. When a party has failed to comply with Rule 26, the Court has wide discretion in fashioning a remedy, which may include excluding the contested testimony. FED. R. CIV. P. 37(c)(1). However, where a party can establish that the noncompliance was substantially justified or harmless, no sanction may apply. *Wegener*, 527 F.3d at 692.

As previously detailed, Druivenga offered essentially no explanation for the lengthy delays in providing the required expert witness disclosures. As no adequate explanation was offered, the Court cannot find that Druivenga's noncompliance was substantially justified.

6

The Court turns next to the possibility of whether the noncompliance was harmless. As with Druivenga's explanations, Druivenga fails to develop any argument that the noncompliance was harmless. Hillshire, in contrast, argues that the noncompliance was harmful because, if this Court were to permit Mr. Harden to appear as an expert without rescheduling the trial, Hillshire would be forced to hastily depose Mr. Harden and develop a rebuttal to Mr. Harden's opinions. At the time this motion was heard, trial was less than two months out and Hillshire had only recently received Mr. Harden's report, which, Hillshire urges, was woefully insufficient. If the report is as insufficient as Hillshire alleges, this untimely report would do little to remedy the extended delay and would be of little use to Hillshire in building a rebuttal to Druivenga's case for damages.

Where a report is required from an expert witness, as here, a "deposition may be conducted only after the report is provided." FED. R. CIV. P. 26(b)(4)(A). Suffice it to say that given the circumstances, Hillshire could not have deposed Mr. Harden prior to the hearing. Again, trial is scheduled for November 13, 2017, which would permit Hillshire fewer than two months to depose Mr. Harden and prepare a case for damages. Allowing a party such a short timeframe within which to examine a damages expert and fully develop a rebuttal argument when the case has been ongoing for some time and the parties were well aware of the relevant deadlines would certainly result in prejudice to that party.

As an alternative, the Court could continue the trial to provide Hillshire adequate time to develop the issue of damages in light of Mr. Harden's report and deposition. However, the Court is not willing to do this because, as shown above, this is a significant case of noncompliance. Absent rescheduling trial, the Court is left with no option other than excluding Mr. Harden's testimony entirely. Although exclusion of evidence is a harsh remedy, the Court finds it appropriate here given the entirety of the circumstances. As such, Hillshire's motion to exclude is **granted**.

## V. CONCLUSION

For the aforementioned reasons, Druivenga's Motion for Extension of Deadline to Provide Expert Witness Disclosures (Doc. 73), is hereby **denied**, and Hillshire's Motion to Strike Third-Party Plaintiff's Expert Witness (Doc. 63) is **granted**. Lawrence Harden, CPA is barred from testifying at trial in this action.

**IT IS SO ORDERED** this 27th day of September, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa